IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN A. JOHNSON, :
        Petitioner, :
                              :   1:16-cv-1044
v. :
                              :   Hon. John E. Jones III
WARDEN, USP BIG SANDY, :
        Respondent. :

## MEMORANDUM

### November 30, 2016

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner, Steven A. Johnson, a federal inmate incarcerated at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania. He contends that his due process rights were violated during two separate prison disciplinary hearings conducted at the United States Penitentiary in Inez, Kentucky (USP-Big Sandy). Sanctions included, *inter alia*, loss of good conduct time. He is seeking restoration of loss of good conduct time.

The petition is ripe for disposition and, for the reasons that follow, will be denied.

**I.**    **BACKGROUND**

    **A.**    **Incident Report 2256136**

On January 14, 2012, while incarcerated at the Federal Correctional Institution in Milan, Michigan (FCI-Milan), Senior Officer R. Tuberville

("Tuberville"), witnessed Inmate Johnson #44964-039 jogging around the top tier of the West Unit. (Doc. 11-1, p. 19). Tuberville twice told Johnson that he was not allowed to jog in the Unit but Johnson continued to jog. (*Id.*) Tuberville issued a direct order to cease jogging; Johnson became belligerent and profane and stated "I am giving you a direct order to suck my dick." (*Id.*) After resisting orders to turn around and cuff up, Johnson eventually turned around and put his hands behind his back. (*Id.*) When Tuberville attempted to place Johnson in hand restraints Johnson jerked his arm causing Tuberville's left hand to hit the concrete wall, resulting in abrasions to his knuckles and breaking his wristwatch. (*Id.*) Johnson was charged in Incident Report Number 2392993, with Assault in violation of Federal Bureau of Prisons ("BOP") Prohibited Acts Code Section 224 and insolence in violation of Code Section 312. (*Id.*)

He received notice of the incident report on January 14, 2012. (*Id.*) On January 20, 2012, he was informed by the Unit Disciplinary Committee ("UDC") that the matter was referred to a disciplinary hearing. (*Id.* at 20). He was advised of the rights associated with the process and indicated that he did not wish to have a staff member represent him or to call any witnesses at the hearing. (*Id.* at 23).

The hearing was held at USP-Big Sandy on March 1, 2012.[1]  (*Id.* at 25). The DHO concluded that "[d]uring this hearing, you stated you had been jogging the tier as you had the past two weeks.  The officer accused you of bumping into him.  You stated you all had a confrontation.  You were never told not to jog.  You stated you resumed jogging.  You stated you gave the officer a direct order to suck your dick.  You had no idea about his watch being broken.  Based on your testimony that you gave the officer a direct order to suck your dick, I find you committed the prohibited act of Insolence." (*Id.* at 27).   The DHO sanctioned Johnson with disallowance of fourteen days good conduct time and a suspended disciplinary segregation sentence.  (*Id.*)  The DHO decision was not appealed.

    **B.**    **Incident Report 2279244**

On March 12, 2012, while housed at USP-Big Sandy, Johnson was charged with Assaulting any person (minor) in violation of Federal Bureau of Prisons ("BOP") Prohibited Acts Code Section 224A.  (Doc. 11-1, p. 28).  The reporting officer described the incident as follows: "On March 12, 2012 at 2:35 PM, Inmate Johnson, Steven Reg. No. 44964-039 became combative and attempted to spit blood in my face, while an injury assessment was being conducted on him in the health services examination room.  Inmate Johnson refused my orders to cease his

---

[1] Johnson departed FCI-Milan on February 6, 2012, and, after holdovers at several federal facilities, arrived at USP-Big Sandy on February 15, 2012. (Doc. 11-1, Declaration of Erin Odell, Attorney Advisor at USP-Lewisburg ("Odell Decl."), p. 3, ¶ 3).

actions at which time he attempted to pull away from me.  While maintaining control of Inmate Johnson, he attempted to spit at me two (2) more times." (*Id.*)

He received notice of the incident report on March 13, 2012.  (*Id.*)  He refused to appear before the UDC. (*Id.* at 30).  The UDC referred the matter to a disciplinary hearing. (*Id.*)  He refused to acknowledge the Notice of Discipline Hearing form or execute the Inmate Rights at Discipline Hearing form. (*Id.* at 31-32).

In concluding that Johnson committed the prohibited act, the DHO stated the following: "During this hearing, you stated 'he's lying.  He slammed me on the ground, so I tried to spit on him.'  The DHO explained that based on your statement you had admitted to attempting to assault staff.  Your own statement was that you did try to spit on Lieutenant Wastell.  The fact that this was in response to an immediate use of force does not give you a right to attempt this act.  There is no evidence to show that you had been 'slammed' as you claim by staff.  There is although [sic] sufficient evidence that you did attempt to assault staff by spitting on them.  Based on your statement admitting that you attempted to spit on staff, I find you committed the prohibited act of Assaulting any person – Attempted." (*Id.* at 35).  The DHO sanctioned Johnson with disallowance of twenty-seven days good conduct time and a disciplinary segregation sentence and six months loss of

commissary privileges. (*Id.* at 36). Johnson did not appeal the decision of the DHO.

## II. DISCUSSION

Respondent argues that the petition should be dismissed based on Johnson's failure to exhaust his administrative remedies prior to seeking review in federal court. (Doc. 11, p. 9). In general, the BOP's administrative review remedy program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for review of an issue which relates to any aspect of their confinement. (Doc. 11-1, Odell Decl. at ¶ 4, citing 28 C.F.R. §§ 542.10, et seq.). With respect to disciplinary hearing decision appeals, a BOP inmate can initiate the first step of the administrative review process by filing a direct written appeal using the appropriate BP-10 form to the BOP's Regional Director (thus bypassing the institutional level of review) within twenty days after receiving the disciplinary hearing officer's written report. (*Id.* at ¶ 4, citing 28 C.F.R. § 542.14(d)(2)). If dissatisfied with the Regional Director's response, an appeal using the appropriate BP-11 form may be filed within thirty calendar days with the BOP's Central Office. (*Id.*, citing 28 C.F.R. §§ 542.15(a)). This is the inmate's final available administrative appeal. No administrative remedy appeal is considered to have been fully exhausted until pursued through all levels. (*Id.* citing 28 C.F.R. § 542.15(a)).

Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). However, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D.Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

"A review of Johnson's administrative remedy filing history shows that he has not filed an administrative remedy appealing the DHO decision for Incident Report No. 2256136 or Incident Report 2279244."  (Doc. 11-1, Odell Decl., ¶ 5). Johnson does not dispute his failure to exhaust.  Instead, he seeks to excuse exhaustion contending that "[t]he Region and the Central Office might overturn the DHO's decision, removing all sanctions but in my limited experience I have never seen the Region or the Central Office remove any sanctions of a guilty finding." (Doc. 12, pp. 1-2).  Further, because, in the past, he has had remedies ignored and denied "no timely and potentially effective administrative remedy exist[s]." (*Id.*) Johnson offers nothing in support of these statements and such conclusory statements are insufficient to excuse exhaustion.  He fails to demonstrate futility by identifying BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not alleged any facts that would permit this Court to find that exhaustion of his administrative remedies would subject him to "irreparable injury."

Johnson has filed sixteen administrative remedies while in BOP custody. (Doc. 11-1, Odell Decl., ¶ 5).  Despite being well aware of the BOP's exhaustion requirements, he failed to "avail [] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)."  *Spruill v. Gillis*, 372 F.3d 218, 228 (3d Cir. 2004).  Because he has not alleged facts that would permit the

court to find that exhaustion would have been futile, or that requiring exhaustion would subject him to "irreparable injury," the petition will be dismissed for failure to exhaust administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Johnson to invoke the judicial process despite failing to complete administrative review.

### III. CONCLUSION

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be denied.

An appropriate order will issue.